**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA ESTER RODRIGUEZ-DE PEREZ, | No. 5:26-cv-03447-DSR |
| Petitioner, | **ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE** |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

## 1.    INTRODUCTION AND BACKGROUND

On June 23, 2026, Petitioner Maria Ester Rodriguez-De Perez, A No. 221093725, filed a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  See Doc. No. 1.  Petitioner, a non-citizen who has been detained in Immigration and Customs Enforcement ("ICE") custody at the Adelanto ICE Detention Center since March 17, 2026, challenges her ongoing detention as violative of, inter alia, her right to due process.  Id.  The Petition names as Respondents the Secretary of the U.S. Department of Homeland Security, the Acting Attorney General of the United States, the Acting Director of U.S. Immigration and Customs Enforcement, the Warden of Adelanto ICE Processing Center, and the Acting Field Office Director of the Los Angeles ICE Office, each in his or her official capacity (collectively "Respondents").  Id.

According to the uncontroverted facts alleged in the verified Petition, Petitioner is a citizen of El Salvador.  Id. at ¶ 2.  She first entered the United States

on or about August 19, 2024, near San Antonio, Texas, after fleeing El Salvador due to the risk of torture and violence she faced there. Id. at ¶ 3. Upon entry, Petitioner was apprehended and detained in immigration custody. Id. at ¶ 3. After her credible fear interview where she received a positive determination, Petitioner was issued a Notice to Appear and charged under Section 212(a)(7)(A)(i)(1) of the Immigration and Nationality Act ("INA"). Id. at ¶¶ 4-5. On August 27, 2024, after determining that Petitioner was neither a flight risk nor a danger to the community, DHS officials released her on her own recognizance ("ROR"). Id. at ¶ 5. On March 17, 2026, Petitioner was re-arrested and re-detained at her ICE check-in appointment without notice or a pre-deprivation hearing. Id. at ¶¶ 7, 14. Petitioner argues that her ROR was improperly revoked, and she was unlawfully re-detained. Id. at ¶¶ 7-8.

On June 23, 2026, the Court entered the Notice of General Order 26-05 and Briefing Schedule. See Doc. No. 5. Therein, Respondents were directed "to show cause why the writ of habeas corpus should not be granted." Id. at 1. Pursuant to the briefing schedule under that Order, the United States Attorney's Office filed Respondents' Answer to the Petition on June 30, 2026. See Doc. No. 7. The Answer states "Respondents are not presenting an opposition argument to the Petition at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." That same day, Petitioner filed a Reply (see Doc. No. 8), and on July 28, 2026, she filed a "Notice That Unopposed Petition Has Been Fully Briefed and Submitted for Decision since 6/30/26." See Doc. No. 10.

**2.      PETITIONER'S CLAIM AND LEGAL STANDARD**

Petitioner challenges the revocation of her ROR without due process of law and her resulting re-detention. Respondents do not contest the point, asserting in the Answer that the Petition "seek[s] an order requiring Respondents to release

2

[Petitioner] from immigration detention," to which "Respondents are not presenting an opposition argument … ."  Answer at ECF p. 2.

This Court may grant a Writ of Habeas Corpus where a petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241.  The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  See U.S. Const., amend. V  There is no question that these protections extend to noncitizens present in the United States.  See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)).  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . .."  Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation."  Zinermon v. Burch, 494 U.S. 113, 127 (1990).  Indeed, the Due Process Clause provides both procedural and substantive protections.  See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)).  To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C.

3

§ 1226(a)).  Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

**3.  DISCUSSION**

Because Respondents expressly declined to oppose Petitioner's claims or the relief sought, they have consented to the relief sought in the Petition.  See C.D. Cal. L.R. 7-12; Singh v. Chiang, No. 5:25-cv-030240-FMO-SP, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) ("The court construes the government's failure to address this argument as a concession to petitioner's argument."); Soleimani v. Larose, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) ("By failing to respond to the claims actually asserted, Respondents have conceded the claims.").

In light of that affirmative concession, the Court concludes that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment.  See Y.X. v. Kristi Noem, et al. Additional Party Names: Dep't of Homeland Sec., Immigr. & Customs Enf't, No. EDCV 26-1345 JGB (MARX), 2026 WL 1831641 at *3 (C.D. Cal. Mar. 27, 2026) ("the liberty interest protecting parolees from revocation without a hearing applies with equal force to noncitizens released on their own recognizance"); Sun v. Noem, No. 3:26-cv-00626-RBM-DDL, 2026 WL 483177, at *3 (S.D. Cal. Feb. 20, 2026) (noting that "ICE's revocation of Petitioner's release on his own recognizance without a pre-deprivation hearing violates his due process rights

and renders his detention unlawful.").  The Court further concludes that "Petitioner's release is necessary to return [her] to the status quo."  Nazarian v. Noem, No. 5:25-cv-02694-KK-ADSx, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025).  The status quo is "the last uncontested status which preceded the pending controversy."  GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted).  The last uncontested status here is Petitioner's release on her own recognizance before her current re-detention.  See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention.").  "Accordingly, Petitioner's release from custody is the appropriate remedy."  Id. Respondent admits that Petitioner seeks release from detention, and expressly offers no opposition to such relief.  See Answer at ECF p. 2.  Such relief is therefore ordered.[1]

Restoring Petitioner to the status quo means release under the same conditions that were in place at the time of the unconstitutional re-detention on March 17, 2026.  For the same reason that Respondents may not revoke Petitioner's ROR without affording her due process, they also may not change the conditions of that release, for example by requiring electronic monitoring if no such condition was in place at the time of Petitioner's re-detention, without affording Petitioner due process.  This does not mean that Respondents can never change the conditions of Petitioner's release – only that they have to follow due process in doing so.  Return to the status quo similarly means return to Petitioner any personal property and documents seized from her at the time of her re-detention.

---

[1] Because Petitioner is entitled to release on due-process grounds, it is unnecessary to reach her alternative statutory arguments under the Fourth Amendment, the Immigration and Nationality Act, and the Administrative Procedures Act.

Finally, Petitioner requests in the Petition that the Court "[e]njoin Respondents from re-arresting and re-detaining Petitioner in violation of her constitutional rights and the INA and specifically, without an individualized pre-deprivation notice of the basis for the revocation of her release at her own recognizance and a hearing before a neutral arbiter at which Respondents must provide clear and convincing evidence of a material change of circumstances regarding Petitioner's flight risk or danger to others at the time of her re-arrest in accordance with 8 U.S.C. § 1226 and its implementing regulations." See Pet. at 30, prayer ¶ 5.  Though given the opportunity to do so in their Answer, Respondents do not address that issue at all.  The Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  See Perez Bueno v. Janecka, No. 5:25-CV-03376-CAS-BFM, 2026 WL 309934, at *4 (C.D. Cal. Feb. 5, 2026) (ordering that the petitioner be released from immigration detention and that he not be re-detained without a pre-deprivation hearing); Mourey, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty.  Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)).

Habeas relief is not limited to "discharge of the applicant from physical custody.  Its mandate is broad with respect to the relief that may be granted." Carafas v. LaVallee, 391 U.S. 234, 239 (1968).  Title 28 U.S.C. § 2243 expressly provides that "[t]he court shall . . . dispose of the matter as law and justice require."  And a permanent injunction may be entered, at the discretion of the District Court, where a petitioner shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of

hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, (2006).  The Court finds Petitioner has made such a showing here.  First, Petitioner has suffered an irreparable injury by being re-detained without due process of law and would again if Respondents repeat such conduct.  There is no indication that Respondents' well-publicized efforts to detain non-citizens no longer pose a threat to Petitioner of a repeat of the same deficient re-detention as occurred in March.  Second, legal remedies such as damages would be inadequate to cure the unconstitutional loss of her liberty while Petitioner is in detention awaiting court action on another habeas petition again challenging the deprivation of her due process rights.  And finally, the balance of hardships and public interest in merely requiring Respondents to provide basic due process in the event they again seek to re-detain Petitioner, versus forcing Petitioner again to suffer detention and sue to win her release, favor the imposition of a limited injunction against future re-detention without notice and a pre-deprivation hearing.  Thus, a permanent injunction prohibiting Respondents from repeating the same unconstitutional re-detention of Petitioner that necessitated this habeas case is appropriate.

4.    **CONCLUSION**

Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling her immediate release, subject only to the same conditions as existed before her March 17, 2026 re-detention.

**IT IS THEREFORE ORDERED** that:

1.  The Petition for Writ of Habeas Corpus is **GRANTED**.

2.  Respondents shall immediately release Petitioner **Maria Ester Rodriguez-De Perez (A-221-093-725)** from custody, reinstate her release under the same

7

conditions that were in place before her re-detention on March 17, 2026, and return any personal property and documents seized at the time of her detention.

3. Respondents shall also provide Petitioner with a copy of this Order at or near the time of release.

4. Within three days of the date of this Order, Respondents shall file a Notice of Release confirming Petitioner's release and return of her personal property and documents.

5. Respondents are enjoined from re-detaining Petitioner without prior notice and an opportunity to be heard on the reasons for the proposed revocation of parole and re-detention.

6. The Court will issue on a separate form Judgment consistent with this Order.

IT IS SO ORDERED.

DATED: July 29, 2026 _____

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE

8